Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., a New York Corporation,<br><br>Plaintiff,<br><br>v.<br><br>URBAN ONE, INC., a Delaware corporation; BOSSIPMADAMENOIRE, LLC, a Delaware limited liability company, both d/b/a "Bossip.com" and "Globalgrind.com;" and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

CREATIVE PHOTOGRAPHERS, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff CREATIVE PHOTOGRAPHERS, INC. ("CPI") is a New York Corporation, with its primary place of business located at 444 Park Ave S., Ste 502, New York, New York, 10016. CPI is a premier photographic syndication company that provides images of models and celebrities created by internationally renowned photographers to communication and media business. CPI exclusively administers the infringed copyright rights at issue in this action.

5. Plaintiff is informed and believes and thereon alleges that Defendant URBAN ONE, INC. ("Urban"), is a Delaware corporation doing business in California, and is the owner of the websites "Bossip.com" and "Globalgrind.com."

6. Plaintiff is informed and believes and thereon alleges that Defendant BOSSIPMADAMENOIRE, LLC is a Delaware limited liability company doing business in California, operating as a subsidiary and/or affiliate of Urban One, Inc., and owns, oversees, and/or operates the website "Bossip.com."

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHS 1-5

9. Michael Muller ("Muller") is an award-winning celebrity and advertising photographer and director whose work has appeared in countless campaigns and major publications.

10. Muller owns the original photographs of actor, Jussie Smollett, photographs 1-5 shown below which were registered with the United States Copyright Office on September 22, 2020, under Registration Number VA 2-219-277.

**Subject Photograph 1**



**Subject Photograph 2**



**Subject Photograph 3**



**Subject Photograph 4**



**Subject Photograph 5**



11. For all times relevant to his action, Muller has appointed Plaintiff CPI as his exclusive administrator and publisher of all copyright rights in and to Subject Photographs 1 through 5 (collectively, the "Subject Photographs"). As such, CPI is entitled to institute and maintain this action for copyright infringement. 17 U.S.C §501(b).

12. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photographs, Urban, DOE Defendants, and each of them used the Subject Photographs without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://bossip.com.

13. Screen captures of said uses are set forth hereinbelow:

//

///

//







# CLAIMS RELATED TO SUBJECT PHOTOGRAPH 6

14. Vijat Mohindra ("Mohindra") is a Los-Angeles based professional celebrity photographer. He graduated from the Art Center College of Design in 2007 already having defined his ultra-modernist and hyper synthetic aesthetic. The dazzling anti-vérité style of his work has culminated in various collaborations between high-profile talent and brands.

15. Mohindra owns the original photograph 6 of singer Nicki Minaj shown below which was registered with the United States Copyright Office on April 21, 2015 under Registration Number VA 1-956-632.

**Subject Photograph 6**



16. For all times relevant to his action, Mohindra has appointed Plaintiff CPI as his exclusive administrator and publisher of all copyright rights in and to Subject Photograph 6. As such, CPI is entitled to institute and maintain this action for copyright infringement. 17 U.S.C §501(b).

17. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph 6, Urban, DOE Defendants, and each of them used the Subject Photograph 6 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://globalgrind.com

18. Screen captures of said uses are set forth hereinbelow:



**CLAIMS RELATED TO SUBJECT PHOTOGRAPH 7**

19. Robert Maxwell ("Maxwell") is one of the pre-eminent portrait photographers of our time. His work has been featured in solo exhibitions at Camerawork in Berlin and Fahey/Klein Gallery in Los Angeles. Has published his first monograph, Robert Maxwell: Photographs in 2000. Maxwell's advertising

clients include Nike, American Express, Bergdorf Goodman and Bloomingdales. His editorial work has appeared in W, Vanity Fair, Vogue, Time, Newsweek, and Interview, among others. He resides in Los Angeles, California.

20. Maxwell owns the original photograph 7 of model, television personality and actress, Amber Rose which was registered with the United States Copyright Office on December 24, 2020, under Registration Number VA 2-231-123.

**Subject Photograph 7**



21. For all times relevant to his action, Maxwell has appointed Plaintiff CPI as his exclusive administrator and publisher of all copyright rights in and to Subject Photograph 7 ("Subject Photograph"). As such, CPI is entitled to institute and maintain this action for copyright infringement. 17 U.S.C §501(b).

22. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph 7, Urban, DOE Defendants, and each of them used the Subject Photograph 7 without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on websites such as https://bossip.com.

23. Screen captures of said uses are set forth hereinbelow:



# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

24. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Photograph 1, Subject Photograph 2, Subject Photograph 3, Subject Photograph 4, Subject Photograph 5, Subject Photograph 6, and Subject Photograph 7 (collectively, the "Subject Photographs"), including, without limitation, through Plaintiff's website and social media accounts or viewing the Subject Photographs on third-party websites (e.g., Tumblr, Pinterest, etc.).

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and distributed images of the Subject Photographs, and exploited said images in multiple website posts without Plaintiff's authorization or consent.

12
COMPLAINT

27. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

28. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Photographs in an amount to be established at trial.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Photographs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the

Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 8, 2021                    DONIGER/BURROUGHS

                                            By:    /s/ Stephen M. Doniger
                                                     Stephen M. Doniger, Esq.
                                                     Kelsey M. Schultz, Esq.
                                                     Attorneys for Plaintiff